# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| GEORGE ANTHONY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV407-069 |
| | ) | |
| RALPH KEMP, Warden, | ) | |
| Wheeler Correctional Facility, and | ) | |
| JAMES DONALD, Commissioner of | ) | |
| the Georgia Department of Corrections, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

George Anthony Brown, a Georgia state prisoner currently incarcerated at Wheeler Correctional Facility in Alamo, Ga., has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. In his petition, Brown alleges that his pre-trial, trial, and post-trial proceedings have been rife with violations of his rights under federal law. The respondents dispute the allegations in Brown's petition and have moved this Court to dismiss the petition for failure to state a valid claim for habeas relief. Doc. 7. For the reasons explained below, Brown's petition should be **DENIED**.

## II. PROCEDURAL HISTORY

On August 19, 2002, Brown was convicted in the Superior Court of Chatham County for a single count of sale of a controlled substance. Doc. 1. He received a thirty-year split sentence, wherein he was required to serve fifteen years' imprisonment with the remaining fifteen years suspended. Id. He appealed his conviction, which the Georgia Court of Appeals affirmed on October 23, 2003. Brown v. State, 589 S.E.2d 830 (2003). His motion for reconsideration was denied on November 6, 2003, and the Georgia Supreme Court denied his application for a writ of certiorari on February 16, 2004. Brown v. State, No. S04C0478 (Ga. Feb. 16, 2004). Finally, he applied to the United States Supreme Court for a writ of certiorari, but the Supreme Court denied his application on October 4, 2004. Brown v. Georgia, 543 U.S. 831 (2004).

Brown filed a petition for a writ of habeas corpus in state court on February 22, 2006. Doc. 1. That petition was denied on October 26, 2006, and the Supreme Court of Georgia denied his application for a certificate of probable cause to appeal the state habeas court decision on February 5, 2007. Doc. 10 ex. 3.

## II. LEGAL ANALYSIS

The timeliness of a § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year statute of limitations for habeas corpus petitions filed by state prisoners. See 28 U.S.C. § 2244(d). One of the four occurrences listed in § 2244(d)(1) that is sufficient to start the limitations period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, the time during which a petitioner sought post-conviction relief from the pertinent judgment in state court does not count toward the one-year limitations period. Id. § 2244(d)(2); Ford v. Moore, 296 F.3d 1035, 1036-37 (11th Cir. 2002).

In terms of timeliness under § 2244(d)(1), Brown's one-year limitation period began on October 4, 2004, when the Supreme Court denied his petition for certiorari. Brown v. Georgia, 543 U.S. 831 (2004). Since he did not file his federal habeas petition with this Court until June 6, 2007, he waited more than one year and three months after the

conclusion of direct review of his conviction. Although § 2244(d)(2) tolls the one-year limitation during the time in which a state court collateral proceeding is pending, the entire one-year period had elapsed before Brown filed his state habeas petition. Thus, the tolling provision found in § 2244(d)(2) never came into play before the one-year limitations period expired. Brown's § 2254 petition is untimely.

The Court acknowledges that Brown's petition challenges some aspects of his state habeas proceedings. But a § 2254 petition must challenge the state court judgment that led to his custody. In this case, the state court judgment and sentencing order that were issued in August of 2002 constitute the judgement subject to habeas relief. See Quince v. Crosby, 360 F.3d 1259, 1261–62 (11th Cir. 2004) ("[W]hile habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."). Although the state court habeas proceedings were decided in a manner that kept him in custody, those proceedings are not part of the judgment that led to his custody. Id.

Therefore, Brown's § 2254 petition for a writ of habeas corpus should be **DENIED** as untimely.

**SO REPORTED and RECOMMENDED** this 13TH day of November 2007.

/s/ 
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA