UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

GEORGE ANTHONY BROWN,

Petitioner,

v.  407CV069

RALPH KEMP,

Respondent.

## ORDER

This Court dismissed George Anthony Brown's 28 U.S.C. § 2254 petition as time-barred. Doc. ## 15, 16. He now appeals (doc. # 17) and thus impliedly moves for leave to proceed *in forma pauperis* (IFP), as well as for a Certificate of Appealability (COA). *See Edwards v. U.S.*, 114 F.3d 1083, 1084 (11th Cir. 1997) (appeal notice is treated as implied COA application).

With respect to his IFP motion, Brown is not subject to the Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (4/26/96) (PLRA), which amends 28 U.S.C. § 1915. Nevertheless he must satisfy the pre-PLRA amendment requirements of 28 U.S.C. § 1915(a). *See U.S. v. Bazemore*, 973 F.Supp. 1475 (S.D.Ga. 1997), *rev'd on other grounds, Bazemore v. U.S.*, 161 F.3d 20 (11th Cir. 1998). That means he must show that he is raising at least one appellate issue that could be supposed to have some arguable merit. *See Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000).

"A COA must be specific in detailing issues appropriate for appeal, and appellate review is limited to the issues specified in the COA." *Maharaj v. Sec'y for Dep't. of Corrections*, 432 F.3d 1292, 1302 (11th Cir. 2005) (quotes and cite omitted). A COA application cannot be granted unless he makes "both a substantial showing that he had a valid claim of the denial of a constitutional right, *and* a substantial showing that the procedural ruling is wrong." *Gonzalez v. Sec'y For Dept. of Corrections*, 366 F.3d 1253, 1267 (11th Cir. 2004) (en banc) (emphasis added), *aff'd on other grounds, Gonzalez v. Crosby*, 543 U.S. 1086 (2005).

If Brown fails to show either of those two components, the Court may deny the COA application because of the absence of that component without deciding whether the other one exists. *Id.*; *Jackson v. Crosby*, 437 F.3d 1290, 1295 (11th Cir. 2006) (a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that such jurists would find it debatable whether the district court was correct in its procedural ruling).

Here the Magistrate Judge (MJ) recommended, and this Court agreed, that petitioner's § 2254 petition is time-barred under § 2241(d)(1)'s one-year limitation period. Doc. ## 15, 16. The MJ noted that Brown was convicted on 8/19/02, his conviction became final on 10/4/04, and he failed to file a state habeas petition until 2/22/06. Doc. # 12 at 2. The MJ further explained that in

> terms of timeliness under § 2244(d)(1), Brown's one-year limitation period began on [10/4/04], when the Supreme Court denied his petition for certiorari. *Brown v. Georgia*, 543 U.S. 831 (2004). Since he did not file his federal habeas petition with this Court until [6/6/07], he waited more than one year and three months after the conclusion of direct review of his conviction. Although § 2244(d)(2) tolls the one-year limitation during the time in which a state court collateral proceeding is pending, the entire one-year period had elapsed *before* Brown filed his *state* habeas petition. Thus, the tolling

provision found in § 2244(d)(2) never came into play before the one-year limitations period expired. Brown's § 2254 petition [therefore] is untimely.

*Id.* at 3-4 (emphasis added).

Put another way, a state or federal habeas petition filed within twelve months of a final conviction stops the federal limitations clock; a failure to file *any* petition within that one-year period is fatal. *See Sibley v. Culliver*, 377 F.3d 1196, 1199-1201 (11th Cir. 2004).

In his Objection to the MJ's Report and Recommendation (R&R), Brown argued that, under O.C.G.A. § 9-14-42(c)[1] (person whose

felony conviction had become final as of 7/1/04 has until 7/1/08 to bring a habeas petition); *State v. Futch*, 279 Ga. 300, 301 n. 6 (2005), he is not untimely. Doc. # 14 at 2. He repeats this argument in his Notice of Appeal. Doc. # 17.

Brown in effect contends that, even though he actually filed a *state* habeas petition beyond the one-year *federal* time limit that otherwise would have tolled the *federal* one-year limitations clock, the *state* limitations clock (giving him until 7/1/08 to file a state habeas petition) should benefit him here. Thus, Brown seems to reason, because he *theoretically* could have waited until 7/1/08 to file his state habeas petition, the fact that he *actually* filed his state habeas petition before 7/1/08 but *beyond* the one-year federal tolling limit should spare him from the *federal* time-limit here.

Brown unsurprisingly cites no authority for this, and the Court rejected it as an Objection when it adopted the R&R. Doc. # 15. State law cannot trump federal law, so federal law (giving § 2254 petitioners *nationwide* just one

---

[1] That is Georgia's general habeas statute, and it provides, in relevant part:

> (a) Any person imprisoned by virtue of a sentence imposed by a state court of record who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of this state may institute a proceeding under this article.
>
> \*   \*   \*   \*
>
> (c) Any action brought pursuant to this article shall be filed within one year in the case of a misdemeanor, except as otherwise provided in Code Section 40-13-33, or within four years in the case of a felony, other than one challenging a conviction for which a death sentence has been imposed or challenging a sentence of death, from:
>
> > (1) The judgment of conviction becoming final by the conclusion of direct review or the expiration of the time for seeking such review; provided, however, that any person whose conviction has become final as of July 1, 2004, regardless of the date of conviction, shall have until July 1, 2005, in the case of a misdemeanor or until July 1, 2008, in the case of a felony to bring an action pursuant to this Code section;
>
> \* \* \* \*

O.C.G.A. § 9-14-42.

year within which to file their § 2254 petition) cannot be *de facto* modified by more "liberal" state statutes. *Cf. Iowa v. Tovar*, 541 U.S. 77, 94 (2004) (while the "[s]tates are free to adopt by statute, rule, or decision any guides to the acceptance of an uncounseled plea they deem useful," state decisional law cannot be used to augment federal constitutional protections); *Rhea v. Smith*, 274 U.S. 434, 442 (1927); *In re Greater Southeast Community Hosp. Corp. I*, 365 B.R. 293, 301 (Bkrtcy.D.Dist.Col. 2006) (statute of limitations provided by federal law to government creditor in whose shoes bankruptcy estate representative stands in pursuing state-law fraudulent transfer claim under Bankruptcy Code's strong-arm statute trumps any statute of limitations set forth in state fraudulent transfer law).

The Court therefore likewise rejects petitioner's "Objection" argument as a COA argument because jurists of reason would not find it debatable within the standard set forth in *Jackson*, 437 F.3d at 1295.

Accordingly, George Anthony Brown's implied COA/IFP motions (doc. # 17) are ***DENIED***.

This __25__ day of January, 2008.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA